**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| **MELIKA SIMPSON,** | **CIVIL ACTION** |
| Plaintiff, | Index No.: |
| Against | |
| **NATIONAL RAILROAD PASSENGER CORPORATION,** | **VERIFIED COMPLAINT** |
| Defendant. | |

_____

**PLAINTIFF DEMANDS TRIAL BY JURY**

NOW COMES, Plaintiff Melika Simpson, by and through her attorneys FLYNN & WIETZKE, P.C., and ROME, ARATA, BAXLEY, & STELLY, L.L.C. and for her complaint against Defendant NATIONAL RAILROAD PASSENGER CORPORATION, states as follows:

*NATURE OF THE ACTION*

1. This is an action arising under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.* ("the FELA"), to recover damages for personal injuries sustained by Plaintiff Melika Simpson while in the course of her employment for Defendant National Railroad Passenger Corporation (hereinafter "Amtrak").

*THE PARTIES*

2. Plaintiff Melika Simpson is a citizen of the United States and a resident of the State of New York.

3. Defendant National Railroad Passenger Corporation (hereinafter "Amtrak") is a corporation organized and existing by virtue of an Act of Congress and authorized to do and doing business in the State of New York, as an interstate carrier and engaged in interstate transportation, operating an interstate system of railroads in and through various states including, but not limited to the State of New York.

*JURISDICTION AND VENUE*

4. This Court has jurisdiction and venue of this matter pursuant to 45 U.S.C. §56 and 28 U.S.C.

§1331.

5. At all times relevant hereto, Defendant Amtrak is and was doing business and has and had places of business, including rail operations, within the City of New York, State of New York, and is and was conducting rail operations in and through several states.

6. At all times pertinent in the past, Defendant Amtrak, its predecessors, subsidiaries, agents, servants, and employees, maintained headquarters and a principal place of business within the City of New York and/or maintained sales offices within the City of New York and/or transacted business within the City of New York.

7. At all times relevant hereto, Plaintiff was an employee of Defendant Amtrak, assigned to a New York City crew base; and the injuries and damages sustained by Plaintiff, as hereinafter set forth and for which Defendant Amtrak is liable, were sustained by Plaintiff while engaged in the course of her employment duties as an On-Board Services Representative (En Route Cleaner) and in furtherance of interstate commerce and directly or closely and substantially affected such commerce.

### *FACTS*

8. Plaintiff incorporates herein by reference, and as if copied *in extenso*, the allegations of all foregoing paragraphs.

9. On or about January 5, 2024, Plaintiff was in the usual and customary performance of her duties as an On-Board Services Representative (En Route Cleaner), working for Defendant Amtrak, operating out of it's New York City crew base.

10. On said date, while in the performance of her duties as an On-Board Services Representative, Plaintiff went to her Amtrak Manager's office to complete a written job assignment on the computer. While completing the assignment, Plaintiff was sitting at a table in her On-Board Services Manager's office in a rolling chair that had the capability of swiveling.

11. Notably, the other chairs at the table in her Amtrak Manager's office were the same type of chair. However, the table was intended to accommodate four total chairs. On said date, the table was

surrounded by five total chairs. Thus, the chairs were all in contact with one another as they were jammed under the table because of a lack of space.

12. After completing her job assignment on the computer, Plaintiff arose from her seat to leave and intended to push the chair under the table. As Plaintiff pushed the chair under the table, one of the other chairs that was jammed under the table, suddenly and without warning, was forced out from under the table, swung back, and violently struck Plaintiff's left knee. Plaintiff was shocked because the chair swung and struck her left knee with such great force and immediately bent over to grab her left knee because of the intense pain.

13. Plaintiff's Amtrak Manager witnessed the accident, and Plaintiff immediately completed the Amtrak required post-accident report.

14. Despite being in severe pain, Plaintiff attempted to complete her assigned trip, hoping the pain in her left knee would subside. However, throughout her trip, Plaintiff's pain worsened; and her left knee exhibited visible swelling and bruising.

15. After a few days of suffering from severe pain, Plaintiff's pain had worsened so much that she was unable to continue working. Thus, Plaintiff sought medical evaluation and treatment at a local urgent care facility. Notably, because Plaintiff was a relatively new employee with Amtrak, she continued working after sustaining the injuries, caused in whole or in part by the subject accident, out of a fear of losing her job if she missed any extended time from employment.

16. As a result of the January 5, 2024 accident, Plaintiff suffered severe and permanent injuries to her left knee, left leg, and left lower extremity, as well as severe mental anguish, *inter alia*, for which she has undergone substantial medical evaluation and treatment including, but not limited to major surgery on her left knee, extensive physical therapy, orthopedic evaluation and treatment, mental health evaluation and treatment, diagnostic tests, and prescribed medication.

*COUNT I*

17. Plaintiff repeats and reiterates all of the foregoing paragraphs as if fully set forth herein.

18.     Plaintiff was injured while engaged in the scope of her employment with Amtrak as a direct result of Defendant's negligence. The injuries to Plaintiff were caused, in whole or in part, by the negligence of Defendant Amtrak, its agents, servants, or employees acting in the course and scope of their employment.

19.     Plaintiff's accident, injuries, and damages, as herein described, were caused, in whole or in part, by breaches of the nondelegable duty owed by Defendant Amtrak to Plaintiff under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.*, as follows:

a.  Amtrak failed to provide Plaintiff with a reasonably safe place in which to work;

b.  Amtrak failed to provide Plaintiff with reasonably safe office equipment, including chairs, in the Amtrak Manager's Office in which she was required to work;

c.  Amtrak failed to prevent an unreasonable risk of harm to their employees when the harm was reasonably foreseeable;

d.  Amtrak failed to follow its own rules, regulations, operating procedures, and/or customary practices;

e.  Amtrak failed to properly and periodically inspect and make certain office equipment at the Station, including the desk chair(s) used by Plaintiff in the fulfillment of her job duties, was properly maintained and safe to use;

f.  Amtrak required Plaintiff to perform her job duties in unsafe conditions, despite Defendant's clear, actual, and/or constructive notice that these dangerous conditions existed;

g.  Amtrak failed to respond to prior chair-related injuries in a manner to prevent plaintiff's injuries;

h.  Amtrak violated applicable safety rules, regulations, ordinances, and statutes;

i.  Amtrak failed to see what should have been seen; and

j.  Amtrak failed to exercise due care and caution commensurate with the surrounding circumstances.

20. Plaintiff's injuries resulted from the negligence of Defendant Amtrak as enunciated above, without any fault or negligence on the part of Plaintiff contributing thereto.

## PRAYER FOR RELIEF

21. As a result of Defendant's aforesaid negligence related to the January 5, 2024 accident, Plaintiff suffered severe and permanent injuries to her left knee, left leg, and left lower extremity, as well as severe mental anguish, *inter alia*, for which she has undergone substantial medical evaluation and treatment including, but not limited to major surgery on her left knee, extensive physical therapy, orthopedic evaluation and treatment, mental health evaluation and treatment, diagnostic tests, and prescribed medication.

22. Plaintiff suffered serious and permanent physical injuries and has suffered, and may continue to suffer, physical pain and mental anguish. Plaintiff has lost, and may in the future lose, substantial time from employment, with a significant loss of earnings therefrom. Plaintiff has incurred, and may in the future incur, expenses for medical and related treatment.

23. Plaintiff avers that, at the time of the accident and concomitant injuries made the basis of this lawsuit, she was an able-bodied employee of Amtrak; and Plaintiff demands full recovery for all sums reasonable in the premises for the following categories of damages:

   a. Physical pain and suffering, past and future;

   b. Mental anguish, past and future;

   c. Loss of enjoyment of life, past and future;

   d. Permanent scarring;

   e. Loss of wages, loss of earning capacity, and/or loss of fringe benefits, past and future; and

   f. Unpaid medical expenses, past and future.

24. Plaintiff demands trial by jury on all issues asserted herein.

**WHEREFORE,** Plaintiff Melika Simpson prays that Defendant National Railroad Passenger Corporation be duly cited and served with a copy of this Complaint and be made to appear and answer

same; and after due proceedings had, there be a judgment rendered herein in favor of Plaintiff Melika Simpson and against Defendant National Railroad Passenger Corporation for all damages reasonable in the premises, together with post judgment legal interest thereon from the date of judgment until paid, for all costs of these proceedings, and for any additional relief that this Honorable Court deems appropriate.

Dated: February 5, 2026

*Respectfully submitted,*

*Counsel for Plaintiff, Melika Simpson*

**FLYNN & WIETZKE, P.C.**

By: _____
MARC WIETZKE

1205 Franklin Avenue
Garden City, NY 11530
Telephone: 516-877-1234
Facsimile: 516-877-1177
Email: MWietzke@FELAattorney.com

and

**ROME, ARATA, BAXLEY & STELLY, L.L.C.**
**C. Perrin Rome, III, Esq.**
**W. Chad Stelly, Esq.**
**Grant A. Leger, Esq.**
3636 I-10 Service Road West, Suite 310
Metairie, LA 70001
Telephone: (504) 522-9980
Facsimile: (504) 522-9971
E-mail:  prome@romearata.com
           wcstelly@romearata.com
           gleger@romearata.com